IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMIE M. BERTENSHAW, JOHN P. LANG,
STACY-ANN AND GEORGE A. MCNAMEE,
JOHN A. AND CHERYL MARINO,
RACHEL AND DAVID M. NASON, DEBORAH J.
AND ROBERT W. KENNY and RITA T. AND BRUCE F. CORREIA
Plaintiffs, :
: C.A. CA 06 374 S
:
VS. :
:
AMERIQUEST MORTGAGE :
COMPANY :
Defendant :

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF JAMIE M. BERTENSHAW

4. Plaintiff Jamie M. Bertenshaw resides at 33 Union Street, Lincoln, RI 02865.

5. On or about September 20, 2003 Plaintiff Jamie M. Bertenshaw obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Bertenshaw received or signed the following documents:

1. A note in the principal amount of $160,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

7. On or about June 12, 2006 Plaintiff Bertenshaw exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

### FACTS RELATING TO PLAINTIFF JOHN P. LANG

9. Plaintiff John P. Lang resides at 78 Dexter Rd., Scituate, RI 02857.

10. On or about June 8, 2004 Plaintiff John P. Lang obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, Plaintiff Lang received or signed the following documents:

1. A note in the principal amount of $100,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 4;
5. A One Week Cancellation Period form; attached as Exhibit 5; and
6. A HUD-1 Settlement Statement.

12. On or about July 17, 2006 Plaintiff Lang exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

13. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS STACY-ANN MCNAMEE AND GEORGE A. MCNAMEE**

14. Plaintiffs Stacy-Ann McNamee and George A. McNamee reside at 17 Tucker Rd., Smithfield, RI 02917.

15. On or about May 12, 2005 Plaintiffs McNamee obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. In connection with the transaction, Plaintiffs McNamee received or signed the following documents:

1. A note in the principal amount of $219,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 7;

5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

17. On or about July 5, 2006 Plaintiff McNamee exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

18. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF JOHN A. MARINO AND CHERYL MARINO**

19. Plaintiffs John A. Marino and Cheryl Marino reside at 2494 Hartford Ave., Johnston, RI 02919.

20. On or about June 14, 2004 Plaintiffs Marino obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. In connection with the transaction, Plaintiffs Marino received or signed the following documents:

1. A note in the principal amount of $192,600;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

22. On or about August 1, 2006 Plaintiffs Marino exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 12.

23. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS RACHEL NASON AND DAVID M. NASON**

24. Plaintiffs Rachel Nason and David M. Nason reside at 15 Hollie Street, Central Falls, RI 02863.

25. On or about November 5, 2004 Plaintiffs Nason obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

26. In connection with the transaction, Plaintiffs Nason received or signed the following documents:

1. A note in the principal amount of $166,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

27. On or about June 21, 2006 Plaintiffs Nason exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 15.

28. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS DEBORAH J. KENNY AND ROBERT W. KENNY**

29. Plaintiffs Deborah J. Kenny and Robert W. Kenny reside at 31 Fiume Street,

Pawtucket, RI 02860.

30. On or about January 24, 2004 Plaintiffs Kenny obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

31. In connection with the transaction, Plaintiffs Kenny received or signed the following documents:

1. A note in the principal amount of $146,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 16;
5. A One Week Cancellation Period form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

32. On or about June 26, 2006 Plaintiffs Kenny exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 18.

33. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS RITA T. CORREIA AND BRUCE E. CORREIA**

34. Plaintiffs Rita T. Correia and Bruce E. Correia reside at 9 Boulevard Ave., Lincoln, RI 02865.

35. On or about June 5, 2004 Plaintiffs Correia obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

36. In connection with the transaction, Plaintiffs Correia received or signed the following documents:

1. A note in the principal amount of $212,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 19;
5. A One Week Cancellation Period form; attached as Exhibit 20; and
6. A HUD-1 Settlement Statement.

37. On or about July 3, 2006 Plaintiffs Correia exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 21.

38. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**DEFENDANT**

39. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

40. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

41. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

42. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

43. Plaintiffs incorporate ¶¶ 1-38 as if fully set out herein.

44. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

45. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

46. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

47. In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.

The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2) 15 U.S.C.

48. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

49. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre