**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JAMIE M. BERTENSHAW, JOHN P. LANG, STACY-ANN and GEORGE A. MCNAMEE, JOHNA. and CHERYL MARINO, RACHEL and DAVID M. NASON, DEBORAH J. and ROBERT W. KENNY, and RITA T. and BRUCE E. CORRELA, Plaintiffs, | C.A. No. 06-374 T |
| v. | |
| AMERIQUEST MORTGAGE COMPANY, Defendant. | |

**ANSWER TO COMPLAINT**

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys hereby answer the Complaint brought by Jamie M. Bertenshaw and others.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the venue is proper in this district.

**PARTIES AND FACTS**

**Facts Relating To Plaintiff Jamie M. Bertenshaw**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about September 20, 2003, Plaintiff Jamie M. Bertenshaw became the obligor and mortgagor under a certain note and mortgage on property located at 33 Union Street, Lincoln, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that Plaintiff Jamie M. Bertenshaw received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $160,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 3 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Jamie M. Bertenshaw has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest admits the allegations of paragraph 8 of the Complaint.

**Facts Relating To Plaintiff John P. Lang**

9. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that on or about June 8, 2004, Plaintiff John P. Lang became the obligor and mortgagor under a certain note and mortgage on property located at 78 Dexter Road, Scituate, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that Plaintiff John P. Lang received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $100,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff John P. Lang has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits the allegations of paragraph 13 of the Complaint.

**Facts Relating To Plaintiffs Stacy-Ann McNamee and George A. McNamee**

14. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Ameriquest admits that on or about May 12, 2005, Plaintiffs Stacy-Ann McNamee and George A. McNamee became the obligors and mortgagors under a certain note and mortgage on property located at 17 Tucker Road, Smithfield, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Ameriquest admits that Plaintiffs McNamee received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $219,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint.

17. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 9 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs McNamee have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Ameriquest admits the allegations of paragraph 18 of the Complaint.

**Facts Relating To Plaintiffs John A. Marino and Cheryl Marino**

19. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Ameriquest admits that on or about June 14, 2004, Plaintiffs John A. Marino and Cheryl Marino became the obligors and mortgagors under a certain note and mortgage on property located at 2494 Hartford Avenue, Johnston, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest admits that Plaintiffs Marino received or signed certain documents, including but not limited to, an Fixed Rate Note in the principal amount of $192,600.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint.

22. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 12 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Marino have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. Ameriquest admits the allegations of paragraph 23 of the Complaint.

**Facts Relating To Plaintiffs Rachel Nason and David M. Nason**

24. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest admits that on or about November 5, 2004, Plaintiffs Rachel Nason and David M. Nason became the obligors and mortgagors under a certain note and mortgage on property located at 15 Hollie Street, Central Falls, Rhode Island. Ameriquest is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest admits that Plaintiffs Nason received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $166,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint.

27. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 15 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Nason have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 27 of the Complaint.

28. Ameriquest admits the allegations of paragraph 28 of the Complaint.

**Facts Relating To Plaintiffs Deborah J. Kenny and Robert W. Kenny**

29. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest admits that on or about January 24, 2004, Plaintiffs Deborah J. Kenny and Robert W. Kenny became the obligors and mortgagors under a certain note and mortgage on property located at 31 Fiume Street, Pawtucket, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest admits that Plaintiffs Kenny received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $146,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 18 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Kenny have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 32 of the Complaint.

33. Ameriquest admits the allegations of paragraph 33 of the Complaint

**Facts Relating To Plaintiff Rita T. Correia and Bruce E. Correia**

34. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Ameriquest admits that on or about June 5, 2004, Plaintiffs Rita T. Correia and Bruce E. Correia became the obligors and mortgagors under a certain note and mortgage on property located at 9 Boulevard Avenue, Lincoln, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint.

36. Ameriquest admits that Plaintiffs Correia received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $212,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a

One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint.

37. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 21 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Correia have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 37 of the Complaint.

38. Ameriquest admits the allegations of paragraph 38 of the Complaint.

**DEFENDANT**

39. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 39 of the Complaint.

40. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

41. Paragraph 41 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

42. Ameriquest denies the allegations set forth in paragraph 42 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

43. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-42 above.

44. Ameriquest denies the allegations set forth in paragraph 44 of the Complaint.

45. Ameriquest denies the allegations set forth in paragraph 45 of the Complaint.

46. Ameriquest denies the allegations set forth in paragraph 46 of the Complaint.

47. Ameriquest denies the allegations set forth in paragraph 47 of the Complaint.

48. Paragraph 48 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest states that the statute referenced in paragraph 48 speaks for itself as to its content.

49. Ameriquest denies the allegations set forth in paragraph 49 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiffs or third parties, the actions of which Ameriquest is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

(i) Enter judgment in its favor on all counts of the Complaint;

(ii) Dismiss the Complaint with prejudice;

(iii) Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

(iv) Grant such other relief as to the Court seems meet and just.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against each and every Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Jamie M. Bertenshaw resides in Lincoln, Rhode Island and on or about September 29, 2003, she obtained a residential mortgage loan from Ameriquest in connection with property located at 33 Union Street, Lincoln, Rhode Island. On or about June 12, 2006, Plaintiff Jamie M. Bertenshaw sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Upon information and belief, Plaintiff John P. Lang resides in Scituate, Rhode Island and, on or about June 8, 2004 he obtained a residential mortgage loan from Ameriquest in connection with property located at 78 Dexter Road, Scituate, Rhode Island. On or about July 17, 2006, Plaintiff John P. Lang sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

4. Upon information and belief, Plaintiffs Stacy-Ann McNamee and George A. McNamee reside in Smithfield, Rhode Island and, on or about May 12, 2005, they obtained a residential mortgage loan from Ameriquest in connection with property located at 17 Tucker Road, Smithfield, Rhode Island. On or about July 5, 2006, Plaintiffs McNamee sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

5. Upon information and belief, Plaintiffs John A. Marino and Cheryl Marino reside in Johnston, Rhode Island and, on or about June 14, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 2494 Hartford Avenue, Johnston, Rhode Island. On or about August 1, 2006, Plaintiffs Marino sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

6. Upon information and belief, Plaintiffs Rachel Nason and David M. Nason reside in Central Falls, Rhode Island and, on or about November 5, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 15 Hollie Street, Central Falls, Rhode Island. On or about June 21, 2006, Plaintiffs Nason sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

7. Upon information and belief, Plaintiffs Deborah J. Kenny and Robert W. Kenny reside in Pawtucket, Rhode Island and, on or about January 24, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 31 Fiume Street, Pawtucket, Rhode Island. On or about June 26, 2006, Plaintiffs Kenny sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

8. Upon information and belief, Plaintiffs Rita T. Correia and Bruce E. Correia reside in Lincoln, Rhode Island and, on or about June 5, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 9 Boulevard Avenue, Lincoln, Rhode Island. On or about July 3, 2006, Plaintiffs Correia sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. All Plaintiffs have filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which Plaintiffs' rescission periods expired in connection with the subject loans.

10. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs are not entitled to rescind their loans under 15 U.S.C. § 1635, Regulation Z § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

11. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-10 above.

12. By virtue of Plaintiffs' claims of extended rescission, an actual controversy has arisen and exists between Ameriquest and each and every Plaintiff regarding whether they have the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

13. Plaintiffs allege that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiffs' rights to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

14. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs have no basis for rescission of the loans.

15. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiffs' letters of rescission, including, without limitation, a declaration that Plaintiffs are not entitled to rescind the subject loans.

**RELIEF REQUESTED**

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiffs are not entitled to rescind their mortgage loans with Ameriquest and that, alternatively, any such rescissions should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow

Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: October 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER TO COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 5th day of October, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

878667_1/7511-32